UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| DARRELL R. MORROW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:13-cv-4064-SLD-JAG |
| LABORER UNION LOCAL 309, | ) ) ) |
| Defendant. | ) |

ORDER

Plaintiff Darrell Morrow filed a pro se complaint against Defendant Laborer Union Local 309, claiming that Defendant denied him membership based on his race. Presently before the Court is his Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, and his Motion to Request Counsel, ECF No. 3. For the reasons described below, Plaintiff's motions are DENIED without prejudice. Further, his complaint is DISMISSED without prejudice.

**DISCUSSION**

The Court may screen complaints prior to service on the defendants and dismiss complaints that fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). In terms of the financial requirements for *in forma pauperis* treatment, Plaintiff satisfies the requirement. But Plaintiff's case cannot proceed because he fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The entirety of Plaintiff's allegation is: "I was denied a membership. I believe that I was denied membership because of my race (black)." Compl. at ¶ 12, ECF No. 1. Under pleading standards, it is not enough to simply state a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

1

will not do.") (internal quotations omitted). Rather, even though *pro se* plaintiffs are given some leeway, the complaint must allege some factual basis for the claim that makes the cause of action plausible and gives Defendant fair notice of the grounds upon which Plaintiff's cause of action rests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Court grants Plaintiff permission to file an amended complaint. If Plaintiff intends to pursue this case, he must allege facts that explain why he believes that Defendant denied him membership because of his race. Plaintiff is further granted permission to then file another motion to proceed *in forma pauperis*. At that time the Court will review the amended complaint and motion and determine whether or not Plaintiff may proceed *in forma pauperis*. Plaintiff has until September 20, 2013, to file an amended complaint or this case may be dismissed.

Additionally, although Plaintiff has no absolute right to counsel in his civil proceeding, he asks the Court to exercise its discretion to appoint counsel for him. *See Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). After considering the factors set forth in *Merritt*, Plaintiff's motion, and the deficiencies in the Complaint noted above, the Court concludes that appointment of counsel is not warranted at this time. In addition to not adequately alleging any claim for relief, Plaintiff also has not demonstrated that he has made any reasonable attempt to retain private counsel. *See Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013) ("District courts may ask an attorney to represent a litigant unable to pay for his own lawyer. § 1915(e)(1). To qualify, the indigent litigant must make reasonable efforts at finding counsel himself."). Accordingly, the Motion to Appoint Counsel is DENIED without prejudice.

Plaintiff is granted permission to file another motion to appoint counsel after he demonstrates that he has made reasonable attempts to find counsel himself. If he does so, the Court will consider a nonexclusive list of factors to determine whether appointment of counsel is

warranted, including: (1) the merit of the plaintiff's claim; (2) plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the plaintiff to present the case; and (5) the complexity of the legal issues. *Swofford v. Mandrell*, 969 F.2d 547, 551 (7th Cir. 1992).

## CONCLUSION

For the reasons stated herein, Plaintiff's Motions for Leave to Proceed *in forma pauperis*, ECF No. 2, and to Appoint Counsel, ECF No. 3, are DENIED without prejudice, and his Complaint is DISMISSED without prejudice. Plaintiff has until September 20, 2013, to file an amended complaint. Plaintiff is further granted permission to file another motion to appoint counsel after he demonstrates that he has made reasonable attempts to find counsel himself.

Entered this 6th day of September, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE